In the Matter of the Claim of JAMES WADGE, Respondent, against 23 E. 21ST CORP. and GLOBE INDEMNITY COMPANY, Appellants. STATE INDUSTRIAL BOARD, Respondent.— Appeal from that part of a decision of the State Industrial Board which allows an award for a total permanent loss of claimant's right eye. Claimant sustained accidental injuries while removing hot ashes from a boiler and such injuries required the enucleation of his right eye. Appellants contend that claimant was industrially blind prior to the accident because of another accident which happened in England and resulted in loss of binocular vision, and eighty per cent loss of the use of the eye. There is testimony which indicates that claimant had useful vision in the right eye prior to the accident, and that with the use of proper glasses this vision might have been corrected to an approximately normal condition. Award unanimously affirmed, with costs to the State Industrial Board. Present — Hill, P. J., Crapser, Bliss, Heffernan and Foster, JJ.

In the Matter of the Claim of EMILIO ANTONINI, Respondent, against YOUNG RENTAL CORP. and NEW AMSTERDAM CASUALTY COMPANY, Appellants. YOUNG MOTOR HAULAGE CORP. and STATE INSURANCE FUND, Respondents. STATE INDUSTRIAL BOARD, Respondent.— This is an appeal by the Young Rental Corporation, employer, and the New Amsterdam Casualty Company, insurance carrier, from a decision of the State Industrial Board. On May 31, 1940, the day on which claimant sustained accidental injuries, he was employed as a mechanic by the Young Rental Corporation, having its principal place of business at 431 Broadway, New York city, the employer being engaged in the trucking business. He also worked at times for the Young Motor Haulage Corporation, but the testimony shows that on the day of the accident, on which the award was made, he was working for the Young Rental Corporation. Clear evidence supports the award appealed from. Award unanimously affirmed, with costs to the State Industrial Board. Present — Hill, P. J., Crapser, Bliss, Heffernan and Foster, JJ.

In the Matter of the Claim of LELAND E. STRONG, Respondent, against J. B. LANG ENGINE & GARAGE CO., INC., and the STATE INSURANCE FUND, Appellants. STATE INDUSTRIAL BOARD, Respondent.— Appeal from an award of disability compensation under the Workmen's Compensation Law. Appellants urge that claimant's disability was not the result of an accidental injury within the meaning of the Workmen's Compensation Law. Claimant was employed as a gasoline station attendant. He bent down to place a heat gun on a low cabinet shelf; when he started to straighten up he was taken with a severe sharp pain in the lower part of his back, was unable to straighten up and his legs were numbed. His injury was diagnosed as a possible herniation of intervertebral disc in the lumbar vertebrae. The medical evidence established that the accident was a competent producing cause of the injury. Award unanimously affirmed, with costs to the State Industrial Board, on the authority of Matter of Jordan v. Decorative Co. (230 N. Y. 522). Present — Hill, P. J., Crapser, Bliss, Heffernan and Foster, JJ.